U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 13 2011

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD SHERMAN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-881-A |
| | § | |
| BAC HOME LOANS SERVICING, LP | § | |
| f/k/a COUNTRYWIDE HOME LOANS | § | |
| SERVICING, L.P. | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

On November 12, 2010, the above-captioned action was initiated by Richard Sherman and Catherine Sherman against defendant, BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, L.P., in the District Court of Tarrant County,

Texas, 48th Judicial District. By notice of removal filed November 19, 2010, defendant removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a). Defendant contends in the notice of removal that the amount in controversy is apparent from the face of plaintiffs' state court pleading because plaintiffs seek to set aside the foreclosure sale and seek legal title and possession of the property, and also seek damages under the Texas Debt Collection Act, exemplary damages, and attorney's fees. Despite the allegations and claims and causes of action raised in the petition, no amount of damages is specified on the face of the petition.

Defendant argued that "[i]n actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." Notice of Removal at 3 (citing Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir.

1983)). Thus, in defendant's view, because the Tarrant Appraisal District purportedly appraised the property at $130,400, that amount, combined with plaintiff's other potential recovery, exceeds the $75,000 jurisdictional threshold.

Defendant subsequently filed a motion to dismiss. In considering the motion, the court became concerned that defendant had not provided information that would enable the court to find the existence of the requisite jurisdictional amount, and on March 21, 2011, ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Defendant filed its amended notice of removal on April 1, 2011. The allegations in the amended notice of removal relative to the amount in controversy were substantially similar to those in the original notice of removal. Defendant additionally argued, however, that "[u]nder the great weight of authority, because plaintiffs sue to protect or reclaim their possession of and title to real property, the property's value controls the amount in controversy." Am. Notice of Removal at 3.

Defendant also included in the appendix submitted with the amended notice of removal a document purportedly from the Tarrant Appraisal District showing the market value of the property at $130,400, as well as a substitute trustee's deed showing the property sold on September 7, 2010, for $133,270.43. These documents, in defendant's view, establish the value of the property, and hence the amount in controversy, as in excess of $75,000.

II.

## Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict

construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

5

perspective of the plaintiff. See <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

## The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiffs used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended

notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.[2]

In the case at bar, plaintiffs admit they executed a note, secured by a deed of trust, for purchase of the property at issue. Plaintiffs also admit that they were "in the process of obtaining a loan modification with [defendant] to modify the terms of the Note." Notice of Removal, Ex. 1 at 3. Plaintiffs allege that defendant assured them that the loan modification would be approved and would allow plaintiffs to avoid foreclosure; however, defendant proceeded with the foreclosure despite these assurances and without following proper procedures. Such allegations are tantamount to plaintiffs' admissions that any claims they may have had to the property would be subject to the note and deed of trust--admissions that are inconsistent with any claim to outright ownership of the property. Although defendant has provided the court with documents purporting to

---

[2]Defendant relies heavily on Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), a case which is not precedent. The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action, see Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011), and defendant has failed to persuade the court otherwise.

show both the appraised value and sale price of the property, each in excess of $75,000, the authorities cited in the amended notice of removal fail to persuade the court that the value of the relief sought by plaintiffs equates to either the appraised value or the sale price of the property.

The court is satisfied that there is no legitimate claim in this action that the indebtedness described by plaintiffs in the petition is not a valid and outstanding indebtedness, secured by a lien against the property, that plaintiffs are not in default on the indebtedness, or that a foreclosure sale would not be proper if conducted in a procedurally correct manner. Any allegation in the petition that plaintiffs have any rights inconsistent with the state of affairs just described would be specious, and should be ignored.

No information has been provided to the court that would enable the court to place a value on whatever interest plaintiffs seek to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over

the action, and it should be remanded to the state court from which it was removed.

IV.

Order

For the reasons given above,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED May 13, 2011.

_____
JOHN McBRYDE
United States District Judge